Muhammad Asfandyar, Esq. (CA SBN: 363217)
Musaev & Associates, PC
409 N Camden Dr., Suite 108
Beverly Hills, CA 90210
asfandyar@musaev.com
tel: (424) 269-8840

*Attorney for Petitioner*

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION**

| | |
|---|---|
| NURBEK OKESHOV,<br><br>Petitioner,<br><br>v.<br><br>Ernesto Santacruz Jr., Field Office Director, ICE Los Angeles Field Office; David Venturella, Acting Director, U.S. Immigration and Customs Enforcement; Markwayne Mullin, Secretary, Department of Homeland Security; Todd Blanche, Attorney General of the United States; and Fereti Semaia, Warden of the Adelanto ICE Processing Center in Adelanto, California,<br><br>Respondents. | CASE No. ____________________<br><br>**PETITION FOR WRIT OF HABEAS CORPUS** |

## INTRODUCTION

1. Petitioner Nurbek Okeshov ("Petitioner") seeks a writ of habeas corpus under 28 U.S.C. § 2241 ordering his immediate release from civil immigration detention at the Adelanto ICE Processing Center in Adelanto, California, where U.S. Immigration and Customs Enforcement ("ICE") has held him since August 4, 2026.
2. Petitioner is a citizen of Kyrgyzstan. He was inspected and admitted to the United States at Los Angeles International Airport on December 29, 2019, as an F-1 student. On March 30, 2021, he filed an application for asylum and for withholding of removal with U.S. Citizenship and Immigration Services ("USCIS"). USCIS collected his biometrics and granted him employment authorization, but it never decided the application. On October 16, 2026, after the Department of Homeland Security ("DHS") placed him in removal proceedings, he filed his application with the Immigration Court, where it is pending.
3. On August 4, 2026, Petitioner came to the USCIS Application Support Center at 3747 South La Brea Avenue in Los Angeles for a scheduled appointment. ICE's own Form I-213 records that ICE learned of the appointment through a referral from a USCIS officer. After Petitioner passed the security check-in and sat down in the waiting area, USCIS officers took him to a private room where ICE officers were waiting, and ICE arrested him on an administrative warrant issued by ICE itself.
4. Nothing in the record shows that Petitioner received any notice that ICE intended to take him into custody, and no hearing before a neutral decisionmaker preceded his arrest. The Form I-213 records no finding that he is a flight risk or a danger to the community. The only explanation it gives for his confinement is that he "will remain in ICE custody pending a hearing with the immigration judge."
5. Petitioner has no criminal record. The only entry on the FBI record that DHS filed with the Immigration Court is the civil immigration arrest of August 4, 2026, and the record reflects no immigration custody before that day.
6. No judge or other neutral decisionmaker has ever decided whether Petitioner's detention is necessary to secure his appearance or to protect the community.

7. The Due Process Clause applies to "all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). "Freedom from bodily restraint has always been at the core of the liberty protected by the Due Process Clause from arbitrary governmental action." *Foucha v. Louisiana*, 504 U.S. 71, 80 (1992).

8. Petitioner's detention is unlawful, and he should be released. His confinement serves no legitimate purpose of civil detention, because a man who walks into a federal office when the Government asks him to come is not a flight risk, and nothing in his record suggests that he is a danger to anyone. ICE also took away his liberty without notice and without any hearing, after years in which he pursued his application through the process USCIS set for it.

9. Petitioner respectfully requests that this Court order his immediate release. Only in the alternative, if the Court declines to order release, he asks that he be released unless, within seven days, Respondents provide him an individualized custody hearing before an immigration judge at which the Government bears the burden of proving, by clear and convincing evidence, that he is a flight risk or a danger to the community, and at which alternatives to detention are considered. To preserve the status quo and the Court's ability to grant effective relief, he also asks that Respondents not transfer him outside this District or remove him from the United States while this proceeding is pending.

**JURISDICTION AND VENUE**

10. This Court has subject matter jurisdiction under 28 U.S.C. § 2241 (habeas corpus) and 28 U.S.C. § 1331 (federal question), and under Article I, § 9, cl. 2 of the U.S. Constitution (Suspension Clause). *See Zadvydas*, 533 U.S. at 687–88. The Court may grant declaratory and further relief under 28 U.S.C. §§ 1651 and 2201–02. Each claim pleaded here asserts that Petitioner's confinement itself is unlawful and seeks his release. *See Pinson v. Carvajal*, 69 F.4th 1059 (9th Cir. 2023).

11. Petitioner challenges only his detention. He does not challenge a removal order, and none has been entered. He does not challenge the decision to commence removal proceedings

against him or any bond decision, and no bond decision has been made in his case. He raises constitutional claims and questions of law, which 8 U.S.C. § 1226(e) does not bar, and 8 U.S.C. §§ 1252(a)(5), 1252(b)(9), and 1252(g) do not bar review of a challenge to detention itself. *Singh v. Holder*, 638 F.3d 1196, 1202 (9th Cir. 2011); *Jennings v. Rodriguez*, 583 U.S. 281, 292–96 (2018) (plurality opinion).

12. Venue is proper in this District under 28 U.S.C. § 2241(a) because Petitioner is confined within this District at the Adelanto ICE Processing Center in Adelanto, California, and his immediate custodian is located here. *Rumsfeld v. Padilla*, 542 U.S. 426, 434–35, 442–43 (2004); *see Doe v. Garland*, 109 F.4th 1188 (9th Cir. 2024). Adelanto is in San Bernardino County, and this action is therefore commenced in the Eastern Division.

**PARTIES**

13. Petitioner Nurbek Okeshov is a citizen and national of Kyrgyzstan, born September 4, 2000, Alien Registration Number A 220-043-717. He is confined at the Adelanto ICE Processing Center in Adelanto, California.

14. Respondent Ernesto Santacruz Jr. is the Field Office Director of the Los Angeles Field Office of ICE Enforcement and Removal Operations. He is responsible for administering and enforcing the immigration laws and detention policies within the Los Angeles Area of Responsibility, which includes the facility where Petitioner is confined, and he exercises legal control over Petitioner's custody. He is sued in his official capacity.

15. Respondent David Venturella is the Acting Director of U.S. Immigration and Customs Enforcement and is responsible for the administration and enforcement of the immigration laws of the United States. He is sued in his official capacity.

16. Respondent Markwayne Mullin is the Secretary of Homeland Security and has ultimate authority over DHS. 8 U.S.C. § 1103(a). He is responsible for the operation and enforcement of the immigration laws and is legally responsible for Petitioner's detention. He is sued in his official capacity.

17. Respondent Todd Blanche is the Attorney General of the United States. He oversees the Executive Office for Immigration Review, which administers the immigration courts and the Board of Immigration Appeals. He is sued in his official capacity.

18. Respondent Fereti Semaia is the Warden of the Adelanto ICE Processing Center and is Petitioner's immediate custodian. He is sued in his official capacity.

## EXHAUSTION

19. No statute requires exhaustion before a petition under 28 U.S.C. § 2241 that challenges immigration detention. Any exhaustion requirement is prudential, and the Court may excuse it where administrative remedies are inadequate or not efficacious, where pursuing them would be futile, or where requiring them would cause irreparable injury. *Laing v. Ashcroft*, 370 F.3d 994, 997–1000 (9th Cir. 2004).

20. Exhaustion should not be required here. Petitioner's procedural claim is that ICE took him into custody without any hearing beforehand. A custody redetermination before an immigration judge, held after the arrest and with the burden on Petitioner, *Matter of Guerra*, 24 I. & N. Dec. 37, 38 (BIA 2006), cannot supply the pre-deprivation process that he was denied. *See Zinermon v. Burch*, 494 U.S. 113, 127 (1990).

21. Requiring exhaustion would also cause irreparable harm, because Petitioner "may suffer irreparable harm if unable to secure immediate judicial consideration of his claim." *McCarthy v. Madigan*, 503 U.S. 140, 147 (1992). *See Laing*, 370 F.3d at 1000. The loss of liberty caused by unlawful confinement cannot be restored by a later ruling. *See Hernandez v. Sessions*, 872 F.3d 976, 994–95 (9th Cir. 2017).

## LEGAL BACKGROUND

### A. Petitioner Is Detained Under 8 U.S.C. § 1226(a), Which Leaves His Detention to ICE's Discretion.

22. The Immigration and Nationality Act ("INA") establishes two principal detention regimes. Section 235(b), 8 U.S.C. § 1225(b), authorizes the detention of certain noncitizens seeking admission into the country. Section 236, 8 U.S.C. § 1226, authorizes

the detention of noncitizens already in the country pending the outcome of removal proceedings. *Jennings*, 583 U.S. at 288–89.

23. Petitioner is not an applicant for admission. He was inspected and admitted in 2019. The Notice to Appear that DHS served on him checks the box stating that he has been admitted to the United States, and it charges him only as deportable under INA § 237(a)(1)(C)(i), 8 U.S.C. § 1227(a)(1)(C)(i), for failing to maintain his nonimmigrant student status. Section 1225(b) does not apply to him.

24. Nor is Petitioner subject to mandatory detention under 8 U.S.C. § 1226(c), which reaches only noncitizens who are removable or inadmissible on specified criminal or terrorism-related grounds, or who have been charged with, arrested for, convicted of, or admit specified crimes. Petitioner has no criminal record. His detention therefore rests on 8 U.S.C. § 1226(a) alone, which provides that the Government "may" arrest and detain a noncitizen pending a decision on removal and "may release" him on bond or conditional parole. 8 U.S.C. § 1226(a). Nothing in the statute required ICE to arrest Petitioner, and nothing required it to keep him in custody once it had.

25. An arrest under § 1226(a) requires only an administrative warrant issued within the agency, here an ICE Form I-200. 8 C.F.R. § 236.1(b)(1). No judge reviews that decision before the noncitizen is taken into custody. An ICE officer may release the noncitizen if he shows that he is not a danger and is likely to appear, 8 C.F.R. § 236.1(c)(8), and the noncitizen may later ask an immigration judge for a custody redetermination, 8 C.F.R. § 1236.1(d)(1), where he bears the burden of proof. *Matter of Guerra*, 24 I. & N. Dec. at 38. Neither procedure provides any hearing before the deprivation of liberty occurs.

**B. The Constitution Protects Noncitizens Like Petitioner From Arbitrary Detention.**

26. The Due Process Clause protects every person within the United States, including noncitizens, and its protections are both substantive and procedural. *Zadvydas*, 533 U.S. at 690, 693.

27. "In our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *United States v. Salerno*, 481 U.S. 739, 755 (1987).

"Freedom from imprisonment . . . lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas*, 533 U.S. at 690.

28. Substantive due process requires that civil detention bear a reasonable relation to its purpose. *Jackson v. Indiana*, 406 U.S. 715, 738 (1972). The Supreme Court has recognized only two legitimate, nonpunitive purposes for immigration detention: ensuring the noncitizen's appearance at proceedings and preventing danger to the community. *Zadvydas*, 533 U.S. at 690–92; *Demore v. Kim*, 538 U.S. 510, 527–28 (2003).

29. Because the liberty interest at stake in civil confinement is so weighty, due process requires the Government to justify such confinement by more than a preponderance of the evidence. *Addington v. Texas*, 441 U.S. 418, 427, 431–33 (1979). The Government has no legitimate interest in detaining a person who is not a danger to the community and whose appearance can be reasonably ensured by alternative conditions, and alternatives to detention must be considered. *See Hernandez*, 872 F.3d at 990–94.

30. *Rodriguez Diaz v. Garland*, 53 F.4th 1189 (9th Cir. 2022), does not foreclose Petitioner's claims. There the Ninth Circuit held that § 1226(a)'s procedures satisfied due process for a detainee who had already received an individualized bond hearing before an immigration judge and review by the Board of Immigration Appeals, and it did not foreclose all as-applied challenges. Petitioner's claims are different. He has received no custody hearing of any kind, and he challenges ICE's decision to take him into custody, without any hearing beforehand, at an appointment the Government itself scheduled.

### C. Due Process Requires a Hearing Before the Government Takes Away a Person's Liberty.

31. The Supreme Court "usually has held that the Constitution requires some kind of a hearing before the State deprives a person of liberty or property." *Zinermon*, 494 U.S. at 127. Even conditional liberty, which allows a person to work, to live with family and friends, and "to form the other enduring attachments of normal life," is protected by the Due Process Clause. *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972).

32. Applying these principles, a court in this Circuit has required a hearing before a neutral decisionmaker before ICE could re-arrest a noncitizen whom an immigration judge had released on bond. *See Ortega v. Bonnar*, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019). The same reasoning applies to Petitioner, whose liberty the Government did not merely tolerate. It had his asylum application before it for more than five years, collected his biometrics, granted him employment authorization, and scheduled the appointment at which it arrested him.

33. The process due is measured under *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976), which weighs the private interest affected, the risk of an erroneous deprivation under the procedures used and the probable value of additional safeguards, and the Government's interest, including the burden that additional procedures would impose.

## FACTUAL ALLEGATIONS

### A. Lawful Admission, a Pending Asylum Application, and Years at Liberty.

34. Petitioner was inspected and admitted to the United States at Los Angeles International Airport on December 29, 2019, as an F-1 student. Declaration of Muhammad Asfandyar ("Decl.") ¶ 4; Exs. A, B.

35. On March 30, 2021, Petitioner filed a Form I-589, Application for Asylum and for Withholding of Removal, with USCIS. On May 13, 2021, he gave biometrics for the application. USCIS never decided the application, and ICE's own Form I-213 records that it was pending when ICE arrested him. Decl. ¶¶ 6–8; Exs. B, C, F.

36. While the application was pending, USCIS granted Petitioner employment authorization. Decl. ¶ 9.

37. Petitioner's Form I-589 lists his residences since June 2021 in Los Angeles and Irvine, California, and, from February 2024 until his arrest, at 550 N. Figueroa Street in Los Angeles, the address ICE recorded when it arrested him. Decl. ¶ 10; Exs. B, F.

38. Petitioner has no criminal record. In his Form I-589 he states that he has never been arrested for, charged with, convicted of, or sentenced for any crime in the United States. The Form I-213 lists his criminal history as "N/A" and his immigration record as

"NEGATIVE," and the FBI identification record that DHS filed with the Immigration Court contains a single entry, the civil immigration arrest of August 4, 2026. Decl. ¶¶ 11–12; Exs. B, F.

**B. Arrest at a USCIS Appointment.**

39. On August 4, 2026, Petitioner reported to the USCIS Application Support Center at 3747 South La Brea Avenue in Los Angeles for a scheduled appointment. The Form I-213 describes the appointment as an interview related to his pending asylum application, and in his Form I-589 Petitioner describes it as his fingerprinting appointment. According to the Form I-213, ICE learned of the appointment through a referral from a USCIS Fraud Detection and National Security ("FDNS") officer, and ICE and FDNS conducted what the Form I-213 calls an "enforcement operation" at that office that day. Decl. ¶ 13; Exs. B, F.

40. After Petitioner passed the security check-in, he was seated in the waiting area for his appointment. At approximately 12:21 p.m., FDNS officers escorted him to a private room where ICE officers were "staged for apprehension." The ICE officers conducted a brief field interview, and Petitioner identified himself and presented his USCIS Form I-797C notice. At approximately 12:23 p.m., ICE officers arrested him and transported him to ICE's Los Angeles staging facility. Decl. ¶ 14; Ex. B.

41. The Form I-213 reflects no advance notice to Petitioner that ICE intended to take him into custody, and no hearing before a neutral decisionmaker preceded his arrest. ICE acted on a Form I-200, an administrative arrest warrant issued within ICE. The only explanation the Form I-213 gives for his confinement is that he "will remain in ICE custody pending a hearing with the immigration judge." Decl. ¶ 15; Ex. B.

42. The same day, DHS served Petitioner with a Notice to Appear. It states that he was admitted to the United States, and its only charge is that he failed to maintain his nonimmigrant student status. It contains no allegation of criminal conduct. Decl. ¶ 5; Ex. A.

**C. Detention Without Any Hearing.**

43. Petitioner has been in ICE custody since August 4, 2026. He is confined today at the Adelanto ICE Processing Center. Decl. ¶ 16; Ex. D.

44. No judge or other neutral decisionmaker has held a hearing on whether his detention is necessary. Decl. ¶ 17.

45. Petitioner's removal case is pending before the Adelanto Immigration Court, and no decision has been entered in it. Decl. ¶ 18; Ex. E. On October 16, 2026, Petitioner filed with the Immigration Court his Form I-589, Application for Asylum and for Withholding of Removal, seeking asylum, withholding of removal, and protection under the Convention Against Torture, and that application is pending. Decl. ¶ 19; Ex. F. His confinement rests on ICE's unilateral decision alone.

**CLAIMS FOR RELIEF**

**FIRST CLAIM FOR RELIEF**

***Detention That Serves No Legitimate Purpose: Immediate Release***

***(Fifth Amendment, Substantive Due Process)***

46. Petitioner repeats and re-alleges the preceding paragraphs as if fully set forth herein.

47. Civil immigration detention is permissible only where it bears a reasonable relation to a legitimate, nonpunitive purpose, which is ensuring the noncitizen's appearance or preventing danger to the community. *Zadvydas*, 533 U.S. at 690–92; *Demore*, 538 U.S. at 527–28.

48. Petitioner's detention serves neither purpose. He has no criminal record, and nothing in his record suggests that he is a danger to anyone. For more than five years he pursued his asylum application through the process USCIS set for it, and he was arrested when he appeared for a USCIS appointment. He is now pursuing that application before the Immigration Court, where it can succeed only if he appears. A person who walks into a federal office because the Government asked him to come is not a flight risk. The Form I-213 identifies no reason for choosing confinement over leaving him at liberty, as § 1226(a) permitted.

49. Petitioner's detention is arbitrary in relation to any permissible civil purpose and violates the Due Process Clause. Petitioner is entitled to immediate release.

**SECOND CLAIM FOR RELIEF**

***Detention Without Notice or a Hearing: Immediate Release***

***(Fifth Amendment, Procedural Due Process)***

50. Petitioner repeats and re-alleges the preceding paragraphs as if fully set forth herein.

51. Lawfully admitted, living in this country, known to USCIS, and granted employment authorization by it while his asylum application was pending, Petitioner had a protected liberty interest in remaining free. *Zadvydas*, 533 U.S. at 690; *Morrissey*, 408 U.S. at 482.

52. Each *Mathews* factor favors Petitioner. 424 U.S. at 335. His interest in freedom from physical confinement is the weightiest there is. The risk of an erroneous deprivation is high, because ICE detained him on its own warrant, without notice, without any hearing before a neutral decisionmaker, and without any recorded finding that he is a flight risk or a danger, when the facts before it showed a man who had come to a federal office voluntarily. The arresting officers' brief field interview was not a hearing. The Government's interest in detaining him without a hearing is slight, because a hearing imposes little burden and civil detention may serve only to secure appearance and to protect the community. *Hernandez*, 872 F.3d at 990–94.

53. Petitioner's detention, imposed without notice and without any hearing before a neutral decisionmaker, violates the Due Process Clause. The typical remedy for unlawful executive detention "is, of course, release." *Munaf v. Geren*, 553 U.S. 674, 693 (2008).

54. Only in the alternative, if the Court declines to order release, due process requires at a minimum that Petitioner be released unless, within seven days, Respondents provide him the hearing ICE never gave him, an individualized custody hearing before an immigration judge at which the Government bears the burden of proving, by clear and convincing evidence, that he is a flight risk or a danger to the community, and at which alternatives to detention are considered. *See Addington*, 441 U.S. at 427, 431–33; *Hernandez*, 872 F.3d at 990–94.

## PRAYER FOR RELIEF

WHEREFORE, Petitioner respectfully requests that this Court:

a) Issue a writ of habeas corpus ordering Respondents to release Petitioner from custody immediately, and in no event later than twenty-four hours after the Court's order, on his own recognizance or on such conditions as the Court determines are reasonably necessary to secure his appearance;

b) Declare that Petitioner's detention violates the Due Process Clause of the Fifth Amendment;

c) Enjoin Respondents from re-detaining Petitioner during the pendency of his removal proceedings absent materially changed circumstances, prior written notice to Petitioner and his counsel, and a hearing before a neutral decisionmaker;

d) To preserve the status quo and the Court's ability to grant effective relief, order that Respondents not transfer Petitioner outside this District and not remove him from the United States while this proceeding is pending, except to release him;

e) Order Respondents to file, within one business day of Petitioner's release, a notice attesting to their compliance with the Court's order;

f) In the alternative only, and only if this Court declines to order Petitioner's immediate release, order that Petitioner be released unless, within seven (7) days, Respondents provide him an individualized custody hearing before an immigration judge at which the Government bears the burden of proving, by clear and convincing evidence, that Petitioner is a flight risk or a danger to the community, and at which alternatives to detention are considered;

g) Award Petitioner his costs and reasonable attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412; and

h) Grant such further relief as the Court deems just and proper.

Date: October 19, 2026

Respectfully Submitted,
*/s/ Muhammad Asfandyar*
Muhammad Asfandyar, Esq. (CA SBN: 363217)
Musaev & Associates, PC
*Attorney for Petitioner*